Wentworth *v.* Lord.

## WENTWORTH, *Administrator, versus* LORD.

It is provided by statute that in actions pending, an offer to be defaulted for a sum certain, *unaccepted*, is no admission of the cause of action or of any indebtment of the defendant; nor shall such offer be used as evidence before the jury in the trial.

If, when such offer has been made, the plaintiff proceeds to trial, the judgment in the case must depend on the verdict rendered. The *offer* will affect the *costs* only.

Thus where, after such offer was made upon the record, and the action tried and verdict rendered for defendant; *held*, that the plaintiff is not entitled to judgment for the offer upon the record.

The case of *Boynton* v. *Frye*, 33 Maine, 216, overruled.

ON REPORT from *Nisi Prius,* HOWARD, J., presiding.

ASSUMPSIT. The writ contained a count upon a note of hand dated Jan. 5, 1850, for $100, with interest. There was also a count upon an account annexed, and the common money counts.

The signature to the note was admitted to be genuine, but it was contended at the trial that the note had been materially altered since it was signed, without the knowledge of the defendant. The alleged alteration was the erasure of the syllable " out" from the last part of the note, so that it read at the trial *with interest,* when it was alleged to have been made and signed, *without interest.*

At the term this action was entered, the defendant offered in writing to be defaulted for $104 on note which was entered on the docket.

At a subsequent term, the death of plaintiff was suggested, and on defendant's motion, his offer to be defaulted was withdrawn by leave of the Court; but it did not appear that the other party had any knowledge of it.

On the trial, the plaintiff claimed the benefit of the offer to be defaulted.

Much evidence, on both sides as to the account, was introduced, and the plaintiff contended that the docket entries were competent evidence of indebtedness, and offered the same, which were rejected by the presiding Judge.

The jury returned a verdict for defendant.

It was stipulated, that if the evidence for the purpose for which it was offered was admissible, a new trial is to be granted; if not, the plaintiff claims judgment for the amount of the offer to be defaulted.

The Court were to render such judgment as the rights of the parties require.

*Kimball*, for defendant.

*D. Goodenow*, for plaintiff, for the effect of an offer to be defaulted, cited *Fogg* v. *Hill*, 21 Maine, 529; and that plaintiff is entitled to judgment for that amount, although he failed to establish any claim. *Boynton* v. *Frye*, 33 Maine, 216; *Putnam* v. *Putnam*, 13 Pick. 129; Colby's Practice, 221. As to the effect of a tender, he cited *Cox* v. *Robinson*, Strange, 1027; 5 Bac. Abr. 19; *Legrew* v. *Cook*, 1 Bos. & Pul. 332.

CUTTING, J. — The statute of 1835, c. 165, § 6, reënacted by R. S., c. 115, § 22, provided, that "in any action founded on judgment or contract, the defendant may offer, and consent in writing to be defaulted, and that judgment may be entered against him, for a specified sum as damages; and the sum shall be entered of record, and the time when the offer was made; and if the plaintiff shall proceed to trial, and recover no greater sum for his debt or damage, up to the time when the offer was made, the defendant shall recover his costs of the plaintiff, from the time of such offer up to the time of trial; and such costs shall be set off against *the sum so offered*, and judgment shall be rendered and execution issued for the balance for either party, which way soever the same may be."

The Court, in giving a construction to this Act, in *Jackson* v. *Hampden*, 20 Maine, 37, say: — "It is insisted, that the offer to be defaulted is an admission of the contract declared on. The statute c. 165, § 6, by virtue of which the offer was made, does not appear to have been designed to afford the plaintiff any advantages, beyond what he might derive from the offer itself. The reasons upon which the rule was

established, that a tender of a part admits the contract stated in the declaration, do not apply to an offer to allow the plaintiff to take judgment for a certain sum. Such offer may be made to avoid the risk of costs, where there may be a chance of the recovery of nominal damages, or a small amount, where the defendant thinks there is nothing due. The act determines the effect, that the offer is to have upon the rights of the parties; and to decide, that it admitted the contract, would be to change that effect and to defeat in a great degree the design of the Act."

Again, in *Fogg* v. *Hill*, 21 Maine, 529, the Court use the following language:— "By the offer to be defaulted, the cause of action must be regarded as confessed. Such offer, under the statute, is equivalent in its effect, in this particular, to bringing money into Court upon the common rule, which has ever been considered as leaving nothing in controversy but the *quantum* of the debt or damage which the plaintiff is entitled to recover. The evidence therefore, tending to prove a tenancy as lessee under the plaintiff, was, after such offer, superfluous; and the arguments of counsel thereupon are in the same predicament."

These two decisions, (a little conflicting, perhaps,) were made prior to August 2, 1847, when the Legislature gave their construction by an amendment of the Act, adopting and extending the principles of the first decision. By § 1, of that amendment, the original Act was altered so as to set off the defendant's against the plaintiff's costs, instead of *"against the sum so offered."* And by the second section, " an offer to be defaulted as provided in said Act, if the same be not accepted by the plaintiffs, shall in no case be held as an admission of the cause of action, or of any promise or indebtedness on the part of the defendant; nor shall such offer be used as evidence before the jury on trial of the action."

Under the former Act, when the defendant made an offer and prevailed, judgment must notwithstanding be rendered against him for the amount of the offer, less his costs; for such is the language of that Act. But by the Act of 1847,

costs were to be set off against costs *only*, and judgment rendered and execution issued for the *balance*, and thus the offer now constitutes, by statute, no part of the judgment, when not accepted. If such was not the design of the Legislature, then the 1st § of the Act of 1847 is wholly superfluous. But it became necessary to make that alteration in order to introduce the 2d §, which provides that the offer, if not accepted, shall in no case be held as an admission of the cause of action, *or of any promise or indebtedness on the part of the defendant.*

When is the offer to be accepted? Certainly, before the cause "shall proceed to trial." The verdict establishes the rights of the parties, unless the plaintiff shall be entitled to judgment, *veredicto non obstante;* and if entitled, how, and upon what evidence? Surely, not without some proof of a promise or indebtedness, and the statute is imperative that the unaccepted offer shall not be received as such. And not received by whom? It would be absurd to say it might be received by the Court, and not by the jury. If by either, the latter would seem to be the most proper tribunal; but they, by a subsequent and independent clause, are expressly prohibited from receiving it, and to say that the preceding sentence was applicable only to the jury, would render the last and concluding sentence surplusage.

Any other construction would place the parties litigating in unequal positions; no offer, by way of compromise or of terminating a doubtful suit, could be safely made, for the plaintiff might by verdict recover the whole, and is certain by judgment to recover the amount offered, when perhaps the verdict may be against him, and being thus sure of a certain amount, he proceeds with renewed hopes and expectations of recovering the whole, regardless of the minor question, as to which party shall pay or receive costs.

The question as to the withdrawal of the offer becomes immaterial. *Judgment on the verdict.*

RICE and HATHAWAY, J. J., concurred. — SHEPLEY, C. J., dissented.

Dissenting opinion by

SHEPLEY, C. J. — The decisions made in the cases of *Jackson* v. *Hampden,* 20 Maine, 37, and of *Fogg* v. *Hill,* 21 Maine, 529, giving a different construction to the Act of 1835, c. 165, § 6, as reënacted in R. S., c. 115, § 22, with additional enactments, were made by the Court, when composed of different members. The first decision was made by WESTON, EMERY and SHEPLEY. The second was made by WHITMAN and TENNEY ; SHEPLEY being at the time otherwise employed, and having no knowledge of it. The first decision had not been published when the last was made. When these conflicting constructions were published, it was deemed expedient to have the Legislature interpose, to declare what the effect should be of such proceedings.

The Act approved on August 2, 1847, appears to have been designed to prevent the possibility of such a construction of the 22d § of c. 115, as would make an offer to be defaulted for a certain sum, an admission of the plaintiff's claim.

To accomplish this effectually, the words "the sum so offered," were stricken out, and the words "the plaintiff's costs," were inserted in place thereof, because from the words stricken out an inference might be drawn, that the claim was admitted, and the contest was limited to the amount to be recovered.

By the second section it was provided that the offer "shall in no case be held as an admission of the cause of action, or of any promise or indebtedness on the part of the defendant ; nor shall such offer be used as evidence before the jury, on trial of the action." The mischief to be provided for explains the amended enactment. It was to prevent its being regarded as an admission of the cause of action. If the purpose of the amendment had been to do more, and to destroy the whole effect of the offer, except for the recovery of costs, when not accepted, it would have been much easier to have declared simply, that an offer not accepted should

have no effect upon the rights of the parties, except for the recovery of costs. This construction is now proposed.

By the Act of amendment, c. 115, § 22, had been so amended as to provide, that in actions against towns under the provisions of c. 25, § 89, the town might avail itself of "an offer of judgment in Court, for any specified sum as damages, as is by law provided in cases of contract." By the proposed construction the whole effect of such an offer not accepted, will be upon the costs. The town can make it in all cases with entire safety, and place the plaintiff in a condition of double risk of costs by failing to maintain the action, and by failing to recover more than the amount offered. And such may be the result in cases of contract between individuals.

For what purpose does a trial take place, after an offer made of a certain sum, but to obtain a larger sum, if the suit can be maintained.

But the verdict, it is said, establishes the rights of the parties. The record shows not a verdict only, but the record of an offer made in writing to allow the plaintiff to have a default entered for a certain sum, and to have a judgment entered therefor. The right of the plaintiff to take a judgment for that amount, is by the record as clear as his right to take judgment upon the verdict, unless the statute as amended deprives him of that right. The jury might with great propriety be prohibited from receiving any information respecting the offer, when the question is, whether the plaintiff without any advantage from the offer can recover more, and yet he might be left in the enjoyment of his full rights upon the whole record after verdict. A verdict exhibits no clearer, and not so secure a right to judgment as the record of an offer in writing to be defaulted for a certain sum.

The provision, that the offer shall in no case be held as an admission " of any promise or indebtedness on the part of the defendant," when considered in connexion with the provision, that it shall not be an admission of the cause of

action, is perceived to be another form of words, designed to secure with more caution the same effect and no other. To insist upon a construction according to the letter, would deprive the offer when accepted, of all validity as the foundation of a judgment. If "in no case" it can be received as an admission of "indebtedness on the part of the defendant," the Court can no more render a judgment upon it, when accepted, than it can after a verdict.

The construction should be such as will remedy the mischief, which produced the amendment, and which will allow the offer to have the effect designed.

This is the construction, which was regarded as correct in the case of *Boynton* v. *Frye*, 33 Maine, 216.

It is very undesirable to have conflicting decisions respecting the construction of statutes, and a decision once made should not be overruled, especially by members composing but a minority of the Court as then or now organized.

It will be perceived, that there are now more members of the Court of opinion, that the case of *Boynton* v. *Frye*, was correctly decided, than there are known to be of a different opinion. I must, therefore, still regard that opinion as exhibiting the correct construction of the statute, although it receives in this case a different construction by a majority of those members of the Court, who can legally take part in this decision.